IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM GOODES, *et al.*,

        Plaintiffs,

  v.

PACIFIC GAS & ELECTRIC COMPANY, *et al.*,

        Defendants.

No. C 12-01667 SI

**ORDER GRANTING DEFENDANT PG&E'S MOTION TO DISMISS WITH LEAVE TO AMEND**

Defendant PG&E's motion to dismiss the complaint is scheduled for a hearing on July 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss plaintiffs' complaint with leave to amend. If plaintiffs wish to amend their complaint, plaintiffs must do so on or before **July 23, 2012.**

**BACKGROUND**

On April 4, 2012, plaintiffs William Goodes ("Mr. Goodes") and Diana Goodes ("Ms. Goodes") filed a two-page complaint against defendants Pacific Gas & Electric Company ("PG&E")[1], Local Union 1245 IBEW (International Brotherhood of Electrical Workers), and Fortis (Administrator of the Long-Term Disability Program).[2] The complaint does not contain any facts regarding Mr. Goodes' employment or the basis of plaintiffs' claims; it simply alleges that Mr. Goodes became eligible for

---

[1] Defendant asserts that the proper defendant should be Pacific Gas & Electric Company Group Life Insurance and Long Term Disability Plan and not Pacific Gas & Electric Company. Plaintiffs' opposition does not address this issue.

[2] Although the caption of plaintiffs' complaint only lists PG&E as a defendant, the complaint also names Local Union 1245 IBEW and Fortis as defendants. It appears from the docket that plaintiffs have only served the complaint on PG&E.

long-term disability benefits ("LTD benefits") on January 1, 1989, and that benefit payments commenced on December 1, 1992. Compl. ¶9.

The complaint alleges two claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* In the first cause of action, plaintiffs allege that PG&E "willfully and deliberately miscalculated the benefits to be received by plaintiffs." *Id*. The complaint does not allege how the benefits have been miscalculated. The second cause of action alleges that "by virtue of Section 503 of ERISA" a fiduciary relationship exists between plaintiffs and defendants PG&E and Fortis, and that "[d]espite having voluntarily accepted the trust and confidence of plaintiff and in violation of this relationship of trust and confidence defendant abused the trust and confidence of plaintiff by refusing to honor its fiduciary obligations." Compl. ¶¶ 11-12. The complaint does not explain how defendants breached their fiduciary obligations, although plaintiffs' opposition to defendant's motion to dismiss asserts that defendants breached their duties by miscalculating the LTD benefits.

Defendant PG&E moves to dismiss the complaint based on (1) failure to state a claim, (2) the statute of limitations, (3) failure to exhaust administrative remedies, and (4) lack of standing for Ms. Goodes.[3]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

---

[3] Defendant also moves to strike plaintiffs' untimely opposition. In the interest of deciding defendant's motion on its merits, the Court will consider plaintiffs' opposition. Plaintiffs' counsel is directed to comply with the briefing schedules set by the Civil Local Rules.

2

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.     *Iqbal / Twombly***

PG&E contends that the complaint should be dismissed because plaintiffs have not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court agrees. Plaintiffs' two-page complaint is devoid of facts and does not allege any facts regarding the alleged miscalculation of benefits, nor does the complaint allege when plaintiffs' claims accrued. Accordingly, the Court grants defendant's motion and grants plaintiffs leave to amend. If plaintiffs amend the complaint, the complaint shall allege facts showing that the LTD benefits were miscalculated, as well as facts regarding the accrual of plaintiffs' claims, as discussed *infra*.

**II.    Statute of limitations**

Defendant contends that plaintiffs' claims are untimely. California's statute of limitations for actions on written contracts is four years, and this "provides the applicable statute of limitations for an ERISA cause of action based on a claim for benefits under a written contractual policy in California." *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir.

2000). As to plaintiffs' claim for breach of fiduciary duty, the ERISA statute of limitations is the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C.A. § 1113.

The complaint alleges that Mr. Goodes' LTD benefit payments commenced on December 1, 1992, and thus from the face of the complaint plaintiffs' claims are untimely. In their opposition, plaintiffs argue that they "are unable to tell exactly when the last correspondence between them and the defendant occurred but the Initial Disclosure will demonstrate that it occurred within the last 4 years." Opp'n at 2. However, the statute of limitations for an ERISA claim "accrues either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Wetzel*, 222 F.3d at 649 (internal citation omitted). "A claimant has a 'reason to know' under the second prong of our accrual test when the plan communicates a 'clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his [or her] benefits had been finally denied.'" *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010) (quoting *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006) (internal quotation marks and citation omitted)).

It appears from plaintiffs' opposition that plaintiffs began questioning the amount of the LTD benefits more than four years prior to the filing of the complaint.[4] It is not clear from the parties' papers when the plan "communicate[d] a 'clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his [or her] [claim for additional]

---

[4] Plaintiffs have submitted a letter dated January 4, 1999, from PG&E to Mr. Goodes' union regarding the calculation of Mr. Goodes' LTD benefits. PG&E raises several evidentiary objections to the exhibits attached to the Kun declaration. Defendant correctly notes that in deciding a motion to dismiss, the Court does not consider materials outside of the complaint, and thus the Court sustains defendant's objections. *See* Fed. R. Civ. P. 12(b)(6). However, the Court notes that based upon this document, it appears that at least as early as 1999, PG&E informed Mr. Goodes about the calculation of his LTD benefits.

4

1 benefits had been finally denied.'" If plaintiffs choose to amend their complaint, plaintiffs must allege 2 when they first became aware of the alleged miscalculation and when defendant informed them that the 3 benefits would not be recalculated. If plaintiffs' claims accrued more than four years prior to the filing 4 of this complaint, plaintiffs must specifically allege why their claims are not time-barred.

### III. Exhaustion of administrative remedies

Defendant PG&E contends that the complaint should be dismissed because plaintiffs failed to exhaust administrative remedies. Generally, a party claiming ERISA benefits that are wholly or partially denied must exhaust available administrative remedies before bringing a claim in federal court. *See Barboza v. Cal. Ass'n of Professional Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011). "However, when an employee benefits plan fails to establish or follow 'reasonable claims procedures' consistent with the requirements of ERISA, a claimant need not exhaust because his claims will be deemed exhausted." *Id.*; 29 C.F.R. § 2560.503-1(l); *see also Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 633 (9th Cir. 2008).

The complaint does not allege that plaintiffs exhausted administrative remedies, nor does the complaint allege a basis for excusing exhaustion. In their opposition, plaintiffs assert that they "attempted to take advantage of their administrative remedies but eventually it broke down" and it was "futile to further correspond personally." Opp'n at 1. Plaintiffs also assert that they "corresponded with PG&E regarding the true amount of the benefits due" and that "these discussions are supported by volumes of correspondence in possession of plaintiffs." *Id.* If plaintiffs amend the complaint, plaintiffs shall specifically allege what steps, if any, they took to exhaust administrative remedies, and if plaintiffs failed to exhaust those remedies, a basis for excusing exhaustion. Before this Court will consider suspending the exhaustion doctrine based on futility, plaintiffs are directed to make a "clear and positive" showing of futility. *Makar v. Health Care Corp. Of Mid-Atlantic (CareFirst)*, 872 F.2d 80, 83 (4th Cir. 1989).

5

### IV. Ms. Goodes' standing

Defendant PG&E contends that Ms. Goodes lacks standing to sue because she neither is a previous, current or future participant, nor is she a beneficiary under ERISA. Generally, in order to have standing to assert a civil action claim under ERISA, the action must be brought by a participant or beneficiary. 29 U.S.C.A. § 1132(a)(1). "The term participant means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. The term beneficiary means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C.A. § 1002(7)-(8).

The complaint does not allege that Ms. Goodes is a participant or a beneficiary under ERISA, and plaintiffs' opposition does not address Ms. Goodes' standing. If Ms. Goodes wishes to pursue this action, the amended complaint shall allege how Ms. Goodes meets ERISA standing requirements.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant PG&E's motion to dismiss this complaint WITH LEAVE TO AMEND. Docket No. 10. If plaintiffs wish to amend their complaint, plaintiffs must do so on or before **July 23, 2012.**

**IT IS SO ORDERED.**

Dated: July 10, 2012

SUSAN ILLSTON
United States District Judge