IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM GOODES and DIANA GOODES,

    Plaintiffs,

 v.

PACIFIC GAS & ELECTRIC COMPANY, *et al.*,

    Defendants.

          /

Case No. C 12-1667 SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

   On September 21, 2012, the Court held a hearing on defendant Pacific Gas & Electric's ("PG&E") motion to dismiss plaintiffs' first amended complaint ("FAC"). For the reasons set forth in this order, the Court hereby DENIES PG&E's motion to dismiss.

**BACKGROUND**

   On April 4, 2012, plaintiffs filed a complaint against PG&E, alleging that it "willfully and deliberately miscalculated" plaintiff Mr. Goodes' long-term disability benefits ("LTD benefits") and breached its fiduciary obligations to plaintiffs in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*.[1] Docket No. 1. In an order filed July 10, 2012, the Court dismissed the complaint with leave to amend because the complaint "[did] not allege any facts regarding the alleged miscalculation of benefits, nor [did] the complaint allege when plaintiffs' claims accrued."

---

[1] Plaintiffs' complaint names two other defendants, Local Union IBEW and Fortis. However, these parties are not listed in the complaint's caption, and plaintiffs have served the original and first amended complaints only on PG&E.

Docket No. 23 at 3:16-17. The Court also found that from the face of the complaint, plaintiffs' claims were barred by the four-year statute of limitations because the complaint alleged that Mr. Goodes' LTD benefits commenced on December 1, 1992, and "[i]t appear[ed] from plaintiffs' opposition that plaintiffs began questioning the amount of the LTD benefits more than four years prior to the filing of the complaint." *Id.* at 4:21-23. The Court instructed plaintiffs that if they amended the complaint, "plaintiffs must allege when they first became aware of the alleged miscalculation and when defendant informed them that the benefits would not be recalculated. If plaintiffs' claims accrued more than four years prior to the filing of this complaint, plaintiffs must specifically allege why their claims are not time-barred." *Id.* at 5:1-4. The Court also found that the complaint did not allege that plaintiffs exhausted administrative remedies, nor did the complaint allege any facts to show that Mrs. Goodes had standing.

On July 19, 2012, plaintiffs filed a First Amended Complaint ("FAC") alleging the same two claims, this time naming as a defendant Pacific Gas & Electric Company, Group Life Insurance and Long Term Disability Plan ("The Plan"). Docket No. 28.[2] The FAC does not allege how the benefits were miscalculated, although the FAC suggests that the miscalculation is somehow related to Mr. Goodes' receipt of workers' compensation benefits. FAC ¶ 11. The FAC does not allege when defendant clearly denied plaintiffs' claim, and instead alleges that "the so called claims procedure in this case consists of hundreds of letters back and forth inviting plaintiff to submit new evidence to a new person in defendant's office." *Id.* ¶ 13. The FAC also alleges that Mrs. Goodes was Mr. Goodes' wife at the time her husband retired, and that she is a "contingent beneficiary." *Id.* ¶ 17.

The Plan moves to dismiss the FAC on the grounds that (1) plaintiffs have failed to state a claim for relief, (2) the statute of limitations has run, (3) plaintiffs have failed to exhaust applicable administrative remedies, and (4) plaintiff Diana Goodes lacks standing to sue.

---

[2] The caption of the FAC also names a new defendant, Metropolitan Life Insurance Company. However, there are no factual allegations regarding Metropolitan Life Insurance Company.

2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. Rule Civ. Proc. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires the plaintiff to allege facts that comprise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether plaintiff has made a claim upon which relief can be granted, the court must presume that the plaintiff's allegations are true, and must draw all reasonable inferences in the plaintiff's favor. *See Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000). However, this standard does not require the court to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit repeatedly has held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.   Statute of limitations**

California's statute of limitations for actions on written contracts is four years, and this "provides the applicable statute of limitations for an ERISA cause of action based on a claim for benefits under a written contractual policy in California." *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 648 (9th Cir. 2000). As for plaintiffs' claim for breach of fiduciary duty, the ERISA statute of limitations is the earlier of:

3

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation . . .

29 U.S.C.A. § 1113.

The statute of limitations for an ERISA claim "accrues either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Wetzel*, 222 F.3d at 649 (internal citations omitted). A claimant has "reason to know" under this accrual test when the plan communicates a "clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his [or her] benefits had been finally denied." *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010) (quoting *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006) (internal quotation marks and citation omitted)).

It is not clear from the parties' papers when the plan communicated a "clear and continuing repudiation" of plaintiffs' rights under the plan such that plaintiffs could not have reasonably believed but that their claim for additional benefits had been denied. Plaintiffs allege that "the so called claims procedure in this case consists of hundreds of letters back and forth inviting plaintiff to submit new evidence to a new person in defendant's office." FAC ¶ 13. The FAC does not provide any dates of any of these letters. Plaintiffs argue that this case is similar to *Withrow v. Bache Halsey Stuart Shield, Inc.*, 655 F.3d 1032 (9th Cir. 2012). In *Withrow*, the plaintiff communicated with the plan over a 17 year period regarding the amount of her LTD benefits. The plaintiff was finally informed in 2004 that her appeal for increased LTD benefits had been denied. *Id.* at 1036. The Ninth Circuit held that the plaintiff's claim had not been made final until 2004, and that the parties' correspondence and communications about benefits, followed by the lengthy appeals process, had tolled the statute of limitations.

In light of the procedural posture of this case, the Court finds it prudent to DENY defendant's motion to dismiss and resolve the statute of limitations issue on a factual record. Although the record

4

1 before the Court strongly suggests that plaintiffs' claims are untimely,[3] the Court cannot reach that
2 conclusion as a matter of law. When a factual record is developed, defendant may renew its statute of
3 limitations arguments in a motion for summary judgment.

## II. Exhaustion of administrative remedies

Defendant also contends that plaintiffs' claims are barred because the FAC fails to allege that plaintiffs have exhausted all applicable administrative remedies, and alternatively fails to show that there is a basis for excusing exhaustion. A party claiming ERISA benefits that are wholly or partially denied must exhaust available remedies before bringing a claim in federal court. *See Barboza v. Cal. Ass'n of Professional Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011). However, when a benefits plan "fails to establish or follow 'reasonable claims procedures' consistent with the requirements of ERISA, a claimant need not exhaust because his claims will be deemed exhausted." *Id.*; 29 C.F.R. § 2560.503-1(1).

The FAC alleges that plaintiffs wrote "hundreds" of letters regarding the benefits determination, that the available Claims and Appeals Procedure "was never followed," and that "plaintiff [was] promised a review that apparently never came." FAC ¶ 12-13. The FAC further states that plaintiffs "believe that they have exhausted their administrative remedies and/or it was futile to do so." *Id.* at ¶ 14. The Court finds that whether plaintiffs adequately exhausted their administrative remedies (or whether it was futile to do so) is intertwined with the question of whether plaintiffs' claims are barred by the statute of limitations, and thus that administrative exhaustion is better decided on a factual record.

Accordingly, the Court concludes that the FAC should not be dismissed, and DENIES

---

[3] The FAC references the "Benefit Agreement," which states that for an employee with between five and fifteen years of service (such as Mr. Goodes), benefits are to be paid for a duration equal to that employee's length of service at the onset of the qualifying injury. FAC ¶ 9. The FAC alleges that Mr. Goodes' LTD benefit payments commenced in 1992, and that at the time of his 1989 injury Mr. Goodes had worked at PG&E for approximately eight years. A reasonable inference from these facts is that Mr. Goodes' LTD benefits were paid for around eight years, but likely no further than 1999 or 2000. Thus, even if the original LTD determination did not provide plaintiffs "reason to know" that Mr. Goodes' claim for greater benefits had been denied, it is fair to infer that he had reason to know about his benefit miscalculation claim when those payments ceased in 1999 or 2000.

defendant's motion.[4]

## CONCLUSION

For the foregoing reasons, the Court DENIES PG&E's motion to dismiss the FAC. Docket No.

**IT IS SO ORDERED.**

Dated: October 17, 2012

SUSAN ILLSTON
United States District Judge

---

[4] Defendant also contends that the FAC does not state a claim for relief because plaintiffs do not allege how the benefits were miscalculated. The allegations of the FAC are spare. However, the FAC does allege that benefits were miscalculated, and suggests that the miscalculation is related to Mr. Goodes' receipt of workers' compensation benefits. Although it is a very close call, the Court finds that the FAC states a claim.

Finally, defendant contends that Mrs. Goodes' lacks standing because she is not a "participant" or a "beneficiary" under the Plan. The FAC alleges that Mrs. Goodes is a "contingent beneficiary," and the Court finds this allegation is sufficient as a pleading matter. On summary judgment, defendant may renew its argument that Mrs. Goodes lacks standing under the plan.