IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GOODES and DIANA GOODES,<br><br>    Plaintiffs,<br><br>   v.<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>    Defendant.<br>_____/ | No. C 12-1667 SI<br><br>**ORDER ON STANDARD OF REVIEW AND SCOPE OF PERMISSIBLE DISCOVERY** |

The parties have filed briefs regarding the applicable standard of review and plaintiffs' request to conduct discovery. For the reasons set forth in this order, the Court concludes that an abuse of discretion standard applies and that plaintiffs are not entitled to conduct discovery.

**BACKGROUND**

On July 19, 2012, plaintiffs William and Diana Goodes filed a First Amended Complaint ("FAC") against defendant Pacific Gas & Electric Company ("PG&E").[1] According to the complaint, PG&E hired William Goodes as an electrician on April 20, 1981. FAC ¶ 3. After Mr. Goodes suffered an injury on December 12, 1989, he filed a claim for worker's compensation. *Id.* ¶ 4. Mr. Goodes' claim for worker's compensation was accepted and he received worker's compensation until December 1, 1992; on that date, Mr. Goodes began to receive long-term disability benefits ("LTD benefits") under PG&E's Long Term Disability Benefit Plan ("the Plan"). *Id.* ¶¶ 7, 9. Neither party disputes that the Plan is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1001

---

[1] The FAC also named the Metropolitan Life Insurance Company as a defendant, but the parties subsequently stipulated to dismiss that defendant. Docket No. 46.

*et seq*.

The complaint alleges that PG&E "willfully and deliberately miscalculated" Mr. Goodes' LTD benefits and breached its fiduciary obligations to plaintiffs in violation of ERISA. Although the complaint does not specify how PG&E miscalculated Mr. Goodes' LTD benefits, it appears from the record that plaintiffs are challenging the decision to start payment of the LTD benefits after Mr. Goodes' worker's compensation benefits ended and/or the reduction of his LTD benefits due to an offset from Mr. Goodes' Social Security benefits.

**DISCUSSION**

**I.   Standard of review**

A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If an ERISA benefits plan confers such authority on the plan administrator, the Court must review any denial of benefits under an abuse of discretion standard. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc)).

PG&E contends that an abuse of discretion standard applies to this case because the Plan confers discretionary authority upon the Plan Administrator to determine eligibility for benefits and to interpret the Plan's terms. The Court agrees. The Plan states that "[t]he determination of disability will be made by the Administrator." Docket No. 50, Ex. A at 6 (Group Life Insurance and Long-Term Disability Plan Document). The Plan also provides that "[t]he Administrator shall also maintain such records and make such rules, computations, interpretations, and decisions as may be necessary or desirable for the proper administration of the Plan." *Id*.

Plaintiffs assert that the Court must apply a *de novo* standard of review because PG&E had a conflict of interest because PG&E both funded benefits and administered claims under the Plan. However, "[a]buse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest." *Abatie*, 458 F.3d at 965. The Court's review is "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the

2

United States District Court
For the Northern District of California

record. This standard applies to the kind of inherent conflict that exists when a plan administrator both administers the plan and funds it . . . ." *Id.* at 967; *see Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) ("If 'a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be *weighed as a factor* in determining whether there is an abuse of discretion.'" (quoting *Firestone*, 489 U.S. at 115) (emphasis added in *Glenn*)). A conflict of interest can prove more important "where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Glenn*, 554 U.S. at 117 (citation omitted).

As a factual matter, PG&E argues that there is no conflict of interest because PG&E "funds the Plan but separate entities, Fortis and the Plan Administrator, determine eligibility for benefits." Docket No. 50 at 6:21–24. However, according to the Plan document the "Administrator" is comprised of an employee benefit administrative committee, and is appointed by PG&E's Board of Directors to serve at PG&E's pleasure. Docket No. 50, Ex. A at 13. PG&E possesses the exclusive power "to appoint and remove from time to time" the members of the employee benefit administrative committee. *Id.* Based on the record before the Court, the Court cannot conclude that PG&E and the Plan Administrator are separate entities, and thus it is possible that a conflict of interest exists. Defendant may supplement the record on this issue in connection with defendant's upcoming motion for summary judgment.

## II.    Discovery

The parties dispute whether plaintiffs are entitled to take any discovery. "[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion . . . ." *Abatie*, 458 F.3d at 970. If there is a conflict of interest, however, the Court "may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest . . . ." *Id.* The plaintiff must allege

the existence of a conflict affected denial of his or her claim to be entitled to limited discovery concerning the conflict. *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010). Conflicts discovery, however, "must be limited if 'the burden or expense of the proposed discovery outweighs its likely benefit, considering certain factors including the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Id.* at 627 (quoting *Dilley v. Metropolitan Life Ins. Co.*, 256 F.R.D. 643 (N.D. Cal. 2009)).

Here, plaintiffs seek to compel disclosure of three e-mail communications among PG&E personnel and PG&E in-house and outside counsel that took place in April and May 2012, after plaintiffs filed this lawsuit. Plaintiffs also seek to depose the individual who conducted Mr. Goodes' LTD benefit offset, as well as other unspecified discovery. As an initial matter, the Court notes that plaintiffs had not alleged that a conflict of interest or any procedural irregularities impacted the alleged miscalculation of Mr. Goodes' LTD benefits. Further, defendant asserts, and plaintiffs do not dispute, that the Plan sets forth the formula for calculating an employee's LTD benefits, including any offset of those benefits. Thus, plaintiffs have not demonstrated that the discovery they seek would have any bearing on whether a potential conflict of interest affected the calculation of Mr. Goodes' LTD benefits. In addition, the Court finds that the requested e-mails are protected by the attorney-client privilege.

## CONCLUSION

For the foregoing reasons, the Court concludes that an abuse of discretion standard applies in this case, and DENIES plaintiffs' request to conduct discovery. This order resolves Docket Nos. 50 and 52.

**IT IS SO ORDERED.**

Dated: March 15, 2013

SUSAN ILLSTON
United States District Judge